**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRANDON WADE LICENSING, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12 C 9113 |
| v. ) | |
| ) | |
| TEREZOWENS.COM, LLC, and TEREZ ) | |
| OWENS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

On November 13, 2012, Plaintiff Brandon Wade Licensing, LLC filed the present two-count Complaint alleging a violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202, and a copyright infringement violation pursuant to the Copyright Act, 17 U.S.C. § 501, *et seq.*, against Defendants Terezowens.com and Terez Owens. Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, the Court grants Defendants' Rule 12(b)(2) motion for lack of personal jurisdiction. Because the Court does not have personal jurisdiction over Defendants, the Court need not address Defendants' Rule 12(b)(6) motion to dismiss.

**BACKGROUND**

Plaintiff, Brandon Wade Licensing, LLC ("BWL") is an Illinois Limited Liability Company located in Naperville, Illinois. (R. 1, Compl. ¶ 1.) BWL alleges that upon information and belief Terezowens.Com, LLC ("TerezCom") is a California Limited Liability Company. (*Id.* ¶ 2.) Further, BWL maintains that TerezCom owns and operates terezowens.com, which

describes itself as "#1 WORLD'S MOST POPULAR SPORTS GOSSIP SITE." (*Id.* ¶ 4.) Defendant Terez Owens ("Owens") is an individual who, upon information and belief, resides in Hollywood, California, and provides content for TerezCom and terezowens.com. (*Id*. ¶¶ 5, 6.)

On December 22, 2009, Brandon Wade Photography, LLC ("Wade Photography") produced a series of photographs of Dez Bryant, a wide receiver for the Dallas Cowboys, including a photograph with his mother ("the Photograph"). (*Id.* ¶¶ 11, 12.) The Photograph of Bryant and his mother was posted on the website brandonwade.com, Wade Photography's website, and had a watermark that read "Copyright Brandon Wade." (*Id*. ¶¶ 13, 14.) On September 24, 2012, Wade Photography transferred its entire right in and to the Photograph to BWL. (*Id.* ¶ 16.) Subsequently, on September 25, 2012, BWL registered the Photograph with the U.S. Copyright Office, Registration Number 1-827891211. (*Id*.)

TerezCom and Owens own and operate a number of websites, including terezowens.com. (*Id*. ¶ 17.) On or before April 20, 2010, TerezCom and/or Owens posted the Photograph on TerezCom's website. (*Id*. ¶ 18.) BWL further alleges that TerezCom's and/or Owens' publishing and displaying of the Photograph continued until at least October 25, 2012, although neither TerezCom nor Owens obtained any licensing right to the Photograph. (*Id*. ¶¶ 19, 20.) Also, BWL alleges that in addition to publishing the Photograph worldwide via the Internet and without any permission or authorization from Wade Photography, TerezCom and/or Owens cropped out the watermark that reads "Copyright Brandon Wade" and inserted its own watermark, "TEREZOWENS.COM," into the Photograph. (*Id*. ¶ 21.) On September 13, 2012, Wade Photography sent a cease and desist letter regarding the displaying of the Photograph on terezowens.com to TerezCom and Owens to no avail. (*Id.* ¶ 22.)

**ANALYSIS**

Defendants assert that they are not subject to personal jurisdiction in the Northern District of Illinois and move to dismiss this lawsuit pursuant to Rule 12(b)(2). In ruling on a Rule 12(b)(2) motion, courts may consider matters outside of the pleadings. *See Purdue Research Found. v. Sanofi–Sythlabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When a district court determines a Rule 12(b)(2) motion based on the submission of written materials without holding an evidentiary hearing, the plaintiff must make a prima facie case of personal jurisdiction. *See uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423-24 (7th Cir. 2010); *GCIU–Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). Under such circumstances, the plaintiff bears the burden of establishing that personal jurisdiction exists. *See uBID, Inc.*, 623 F.3d at 423-24. In determining whether the plaintiff has met its burden, courts resolve all factual disputes in the plaintiff's favor. *See id.* at 423-24; *GCIU–Emp'r Ret. Fund*, 565 F.3d at 1020 n.1. Courts, however, accept as true any facts contained in the defendant's affidavits or proffered evidence that the plaintiff does not refute. *See id.*; *see also Purdue Research Found.*, 338 F.3d at 783 (if the defendant submits affidavits or other evidence in opposition to the plaintiff's motion, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction").

The Copyright Act does not authorize nationwide service of process, therefore, a defendant may challenge a federal court's personal jurisdiction over him. *See Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1201 (7th Cir. 1997). In a federal question case "where federal statutes do not authorize nationwide service of process, a federal court in Illinois may exercise personal jurisdiction over a defendant if it would be permitted to do so under the Illinois long-arm

statute." *uBID, Inc.,* 623 F.3d at 425 (citing Fed.R.Civ.P. 4(k)(1)(A)). "A state's exercise of personal jurisdiction is also subject to the demands of the Fourteenth Amendment's due process clause" and "[b]ecause Illinois permits personal jurisdiction if it would be authorized by either the Illinois Constitution or the United States Constitution, the state statutory and federal constitutional requirements merge." *uBID, Inc.,* 623 F.3d at 425; *see also Tamburo v. Dworkin,* 601 F.3d 693, 700 (7th Cir. 2010). Looking to the federal constitutional requirements, it is well-established that the due process test for personal jurisdiction requires that a defendant have minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citations omitted). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

Two types of personal jurisdiction exist — general and specific. *See Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414-16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Abelesz v. OTP Bank,* 692 F.3d 638, 654 (7th Cir. 2012). "General jurisdiction is for suits neither arising out of nor related to the defendant's contacts with the State, and is permitted only where the defendant conducts continuous and systematic general business within the forum state." *GCIU–Emp'r Ret. Fund,* 565 F.3d at 1023; *see also Helicopteros Nacionales de Colombia,* 466 U.S. at 416. On the other hand, "[s]pecific personal jurisdiction is appropriate when the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities." *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assoc. of*

4

*Houston Metroplex, P.A.,* 623 F.3d 440, 444 (7th Cir. 2010); *see also Abelesz,* 692 F.3d at 654 ("Specific jurisdiction is jurisdiction over a specific claim based on the defendant's contacts with the forum that gave rise to or are closely connected to the claim itself.").

Here, BWL does not argue that general jurisdiction exists, but instead maintains that it has established specific jurisdiction over Defendants concerning its copyright claims. The "court's exercise of specific jurisdiction requires that the defendant's contacts with the forum state relate to the challenged conduct." *Felland v. Clifton,* 682 F.3d 665, 673 (7th Cir. 2012). There are three requirements to establish specific jurisdiction: "(1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state, (2) the alleged injury must have arisen from the defendant's forum-related activities, and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Id.* (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (internal citation omitted).

BWL specifically argues that without any licensing right or permission from BWL, Defendants copied the Photograph and displayed it on terezowens.com and that Defendants' insertion of their own watermark onto the Photograph shows purposeful infringement directed at BWL, an Illinois LLC. BWL's first argument is misplaced because it concerns Defendants purposefully directing their activities at BWL, an Illinois company, but not to Illinois itself, such as marketing information or products to Illinois citizens. *See be2 LLC v. Ivanov,* 642 F.3d 555, 559 (7th Cir. 2011). In any event, BWL also argues that Defendants have directed their conduct

5

to Illinois via the advertising banners on the website terezowens.com.[1] Defendants' website is a sports gossip website, and, as DWL admits, the banner advertisements on the terezowens.com are national advertisements targeting nationwide consumers, although some of the advertisements are for Illinois businesses, such as Chicago's Field Museum of Natural History promoting ticket sales.

More importantly, BWL's copyright claims do not relate to these banner advertisements to the extent that it was reasonably foreseeable that Defendants would have to defend BWL's copyright claims in an Illinois court. *See uBID, Inc.,* 623 F.3d at 426; *see also Felland,* 682 F.3d at 676 ("Even where a defendant's conduct is purposefully directed at the forum state, the plaintiff must also show that his injury 'arises out of' or 'relates to' the conduct that comprises the defendant's contacts."). Indeed, as a court in this district previously reasoned, "[i]t cannot plausibly be argued that any defendant who advertises nationally could expect to be haled into court in any state, for a cause of action that does not relate to the advertisements. Such general advertising is not the type of 'purposeful activity related to the forum that would make the exercise of jurisdiction fair, just or reasonable.'" *IDS Life Ins. Co. v. SunAmerica, Inc.,* 958 F.Supp. 1258, 1268 (N.D. Ill. 1997) (citation omitted), *rev'd on other grounds,* 136 F.3d 537 (7th Cir. 1998). As the Seventh Circuit teaches, "[i]f the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution."

---

[1] "A web banner or banner ad is a form of advertising on the World Wide Web delivered by an ad server. This form of online advertising entails embedding an advertisement into a web page. It is intended to attract traffic to a website by linking to the website of the advertiser. The advertisement known as a 'click through.' In many cases, banners are delivered by a central ad server." http://en.wikipedia.org/wiki/Banner_ad (last visited on Apr. 9, 2013).

*be2 LLC,* 642 F.3d at 559. Based on the record before the Court and resolving any factual disputes in BWL's favor, BWL has failed in its burden of establishing that Defendants purposefully directed their activities at Illinois via the gossip website terezowens.com and its banner advertisements. *See uBID, Inc.,* 623 F.3d at 426 ("The due process clause will not permit jurisdiction to be based on contacts with the forum that are random, fortuitous, or attenuated.").

Moreover, in their motion to dismiss for lack of personal jurisdiction, Defendants present evidence regarding the formation of BWL as an Illinois LLC. In particular, Defendants set forth the Illinois Secretary of State's LLC File Detail Report for BWL, which reveals that BWL was formed eight days after Wade Photography sent the initial cease and desist letter to Defendants, namely, September 21, 2012, although the allegedly infringing conduct started as early as April 20, 2010. (R. 11, Ex. A; Compl. ¶ 18.) The Illinois LLC report further states that the principal address for BWL is 1755 Park Street, Suite 200, Naperville, Illinois, which is the same address of Plaintiff's attorney, Konrad Sherinian. (Ex. A, Compl., at 7.) Also on the Illinois Secretary of State's report, Brandon Wade is listed as one of the LLC managers of BWL and his address is listed as 835 E. Lamar Blvd., #201, Arlington, Texas. (R. 11, Ex. B.) In addition, according to the Texas Secretary of State's website, Brandon Wade Photography LLC's address is 304 Normandy Lane, Rockwall, Texas. Meanwhile, as BWL alleges, on September 24, 2012, Wade Photography transferred its entire right in and to the Photograph to BWL Licensing, and on September 25, 2012, BWL registered the Photograph with the U.S. Copyright Office, Registration Number 1-827891211. (*Id.*) Thereafter, BWL filed the present lawsuit on November 13, 2012. BWL does not refute the evidence that it was incorporated weeks before it filed this lawsuit nor does it address Defendants' arguments about the suspicious timing of

BWL's incorporation in Illinois. As such, under these circumstances, it appears that Wade Photography, a Texas LLC, and its Illinois attorney created BWL and transferred Wade Photography's entire right in and to the Photograph to BWL approximately seven weeks before filing this lawsuit presumably for the purpose of bringing this lawsuit in the Northern District of Illinois.

Under these circumstances, asserting personal jurisdiction over Defendants would offend "traditional notions of fair play and substantial justice." *See International Shoe,* 326 U.S. at 316. To clarify, when determining whether the Court's exercise of personal jurisdiction over Defendants is constitutionally reasonable under federal due process requirements, *see Burger King,* 471 U.S. at 476-78, the Court considers certain factors, including "the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in efficiently resolving controversies, and the shared interest of the states in furthering fundamental substantive social policies." *uBid,* 623 F.3d at 432 (citing *Burger King,* 471 U.S. at 476).

Here, not only has BWL failed to address Defendants' burden of defending a lawsuit in a state to which Defendants have not purposely availed themselves, but BWL's argument that Illinois has a strong interest in adjudicating BWL's copyright injuries based on terezowens.com's advertising is not only misplaced — because the banner advertisements had nothing to do with the alleged copyright infringement claims — but relies on a patent infringement case that is not analogous to the case at bar. *See CoolSavings.Com, Inc. v. IQ Commerce Corp.,* 53 F.Supp.2d 1000, 1003-05 (N.D. Ill. 1999). In sum, based on BWL's failure to establish that Defendants deliberately targeted or exploited the Illinois market, the Court

cannot exercise personal jurisdiction over Defendants without offending traditional notions of fair play and substantial justice. *See be2 LLC,* 642 F.3d at 559. Last, due to the suspicious circumstances surrounding the creation of BWL as an Illinois LLC, the Court would be hard-pressed to conclude that exercising personal jurisdiction over Defendants is fair under federal due process protections.

## CONCLUSION

For these reasons, the Court grants Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).

**Dated:** April 9, 2013

                                      **ENTERED**

                                      _____
                                      **AMY J. ST. EVE**
                                      **United States District Court Judge**